**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Gerald L. Reeves, | ) |
| Plaintiff, | ) Case No.: 2:18-cv-01174-GMN-EJY |
| vs. | ) |
| | ) **ORDER** |
| Kilolo Kijakazi, Acting Commissioner of Social Security, [1] | ) |
| Defendant. | ) |

Pending before the Court is Plaintiff Gerald L. Reeves's ("Plaintiff's") Motion for Attorney Fees, (ECF No. 39), brought under Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1). Defendant Kilolo Kijakazi filed a Response, (ECF No. 40), indicating her non-opposition to Plaintiff's Motion.

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion.

**I.  BACKGROUND**

On March 31, 2020, the Court entered its Order remanding this case for further proceedings before the Social Security Administration. (Order, ECF No. 35).  While on remand, the Social Security Administration granted Plaintiff an award of back benefits amounting to $157,916.00. (Mot. Att'y Fees 2:1–3, ECF No. 39).  Meredith E. Marcus of Daley Disability Law, P.C.—the attorney who represented Plaintiff and secured a decision from this Court—accordingly now requests an award of attorney fees amounting to $39,479.00 pursuant

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security.  Under Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for the previous Acting Commissioner as the defendant in this suit.

to 42 U.S.C. § 406(b) for time spent before the Court, which should be paid to Frederick J. Daley, Jr., the principal attorney of Daley Disability Law, P.C.

## II.     LEGAL STANDARD

42 U.S.C. § 406(b) states, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." In the circumstance of an agreement between the claimant and counsel on attorney's fees for such representation, the United States Supreme Court has instructed that courts generally must respect "the primacy of lawful attorney-client fee agreements" in awarding fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002).  Nevertheless, the Court has an "affirmative duty" to ensure the fees provided are "reasonable." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).  Moreover, "[t]he attorney bears the burden of establishing that the fee sought is reasonable." *Id.* at 1148.  The Ninth Circuit in *Crawford v. Astrue* highlighted three factors to consider in determining the reasonableness of the attorney's fees. *Astrue*, 586 F.3d 1142 (9th Cir. 2009).

> First, no reduction in fees due to substandard performance was warranted. [. . .] Second, no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits. Finally, the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved.

(*Id*. at 1151–52).

## III.    DISCUSSION

Ms. Marcus supports her pending request for $39,479.00 in attorney fees by providing the Fee Agreement signed by Plaintiff when she retained Daley Disability Law, P.C., for this matter. (*See* Fee Agreement, Ex. B to Mot. Att'y Fees, ECF No. 39-2).  This Fee Agreement

provides that, "[a]n attorney who successfully represents a Social Security benefits claimant in court may be awarded as part of the judgment 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." (*Id.*) (quoting 42 U.S.C. § 406(b)).

After reviewing Plaintiff's Motion, (ECF No. 39), and the supporting evidence, the Court finds that a sufficient showing has been made to support the reasonableness of the request for $39,479.00 in attorney fees pursuant to 42 U.S.C. § 406(b). First, the record does not reflect substandard performance or dilatory conduct by Ms. Marcus in order to increase the accrued amount of past-due benefits. (*See* R&R 1:18–2:2, ECF No. 34) (detailing Plaintiff's initial claim for benefits on September 15, 2014, appeal of the denial of her claim by the Administrative Law Judge ("ALJ") to the Appeals Council, and appeal of the Appeals Council's denial of the request to review the ALJ's decision). Second, the final requested award does not appear excessive considering the time Ms. Marcus spent on this case. In total, counsel spent approximately 41.45 hours of attorney and paralegal time working on Plaintiff's case. (Mot. Att'y Fees 5:1–2); (Time Log, Ex. D to Mot. Att'y Fees, ECF No. 39-4). The requested fee of $39,479.00 results in an effective hourly rate of $952.45, which is reasonable, especially when considering that courts within this circuit have found similar or higher hourly fee requests to be reasonable. *See, e.g.*, *Kocan v. Colvin*, No. 2:14-cv-01058-JAD-NJK, 2016 WL 888828, at *2 (D. Nev. Feb. 16, 2016), *report and recommendation adopted*, No. 2:14-cv-01058-JAD-NJK, 2016 WL 884886 (D. Nev. Mar. 7, 2016) (approving an effective hourly rate of roughly $727.00); *Melendez Meza v. Berryhill*, No. EDCV 16-1286-KS, 2019 WL 1751833, at *3 (C.D. Cal. Feb. 25, 2019) ("The Ninth Circuit has found reasonable fees with effective hourly rates exceeding $900, and the Central District of California has repeatedly found reasonable fees with effective hourly rates exceeding $1,000 per hour."). Accordingly, the Court finds that attorney fees of $39,479.00 are reasonable.

However, Ms. Marcus was previously awarded $7,200 in attorney fees for this matter pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Order, ECF No. 38); (Mot. Att'y Fees 2:6–8). Ms. Marcus correctly recognizes that she must offset any award of attorney fees under 42 U.S.C. § 406(b) by any amount previously recovered under the EAJA. *See Gisbrecht*, 535 U.S. at 796 (holding that where attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff); (Mot. Att'y Fees 7:19–23). Accordingly, the Court directs Ms. Marcus to refund $7,200 to Plaintiff Gerald L. Reeves.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees, (ECF No. 39), is **GRANTED**. A fee award in the amount of $39,479.00 for work before the Court is to be paid to Frederick J. Daley, Jr. of Daley Disability Law, P.C., from the sums held by the Social Security Commissioner from Plaintiff's past due benefits.

**IT IS FURTHER ORDERED** that Plaintiff Gerald L. Reeves shall be refunded $7,200 for funds previously paid under the Equal Access to Justice Act, which shall be credited against the $39,479.00 awarded in this Order.

**DATED** this __13__ day of January, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court